# EXHIBIT 6

## Sinton, Adam J.

| | |
|---|---|
| **From:** | Sinton, Adam J. |
| **Sent:** | Thursday, August 10, 2017 1:52 PM |
| **To:** | 'Rogers, Chris'; Skidmore, Micah |
| **Cc:** | Martin, Ernest; Mooney, Stephen W.; Kerew, Scott |
| **Subject:** | RE: UnitedHealthcare Services, Inc., et al. vs. Next Health, LLC, et al.; Case No. 3:17-cv-00243-M |

Micah and Chris,

Thanks for talking with us this morning. As we discussed, if you can send us whatever authority you would be relying on in support of your motion for protective order, then we can provide it to our client and perhaps it would help save everyone some costs (but especially help you save some costs) in preparing such a motion. We do not need a treatise; just a rule or a case or two would suffice. As we mentioned during our call, we are unaware of any such authority that would restrict communications between UHC and physicians with whom it has network agreements, restrict UHC's ability to exercise its rights under such an agreement (e.g., to request and collect information), or restrict UHC from relaying the allegations contained in a publicly available document to a nonparty who may have information regarding the subject of the lawsuit.

As we also discussed, we take seriously your concern that UHC's communications with its network physicians could cause the inadvertent and unauthorized disclosure of non-UHC members' PHI. You identified requests numbers 3, 4, 8, 9, 10, 13, and 15 as those that raised this issue. The letter that I have reviewed does not appear to request any PHI (or contain requests that would likely result in PHI being produced), but, again, we invite you to send us the letter you were going from so that we can be sure.

Obviously, the sooner you can provide us with your authority, the more impact it may have on UHC's decision about how to proceed. Either way, however, we will have an answer for you by the end of the day.

Best,
Adam

**From:** Rogers, Chris [mailto:Chris.Rogers@haynesboone.com]
**Sent:** Wednesday, August 09, 2017 4:26 PM
**To:** Sinton, Adam J.
**Cc:** Skidmore, Micah; Martin, Ernest; Mooney, Stephen W.; Kerew, Scott
**Subject:** RE: UnitedHealthcare Services, Inc., et al. vs. Next Health, LLC, et al.; Case No. 3:17-cv-00243-M

Adam,

It has come to our attention that your clients have been sending inflammatory correspondence to physicians who have ordered laboratory services from Next Health under the guise of informal discovery in this case. We need to add, to tomorrow's agenda, a meet and confer on this topic and—if you will not agree to retract the communications—an emergency motion for a protective order regarding these contacts.

Thanks,
Chris

**Chris Rogers**
chris.rogers@haynesboone.com
(t) 214.651.5480

1

**Sinton, Adam J.**

| | |
|---|---|
| **From:** | Sinton, Adam J. |
| **Sent:** | Wednesday, August 09, 2017 5:22 PM |
| **To:** | 'Rogers, Chris' |
| **Cc:** | Skidmore, Micah; Martin, Ernest; Mooney, Stephen W.; Kerew, Scott |
| **Subject:** | RE: UnitedHealthcare Services, Inc., et al. vs. Next Health, LLC, et al.; Case No. 3:17-cv-00243-M |

Chris,

UHC has sent letters requesting information, pursuant to the terms of UHC's network agreements, to physicians who were identified as referring providers in claims submitted to UHC by Next Health. Please provide us with the "inflammatory correspondence" you are referring to. We can add this issue to the agenda in the morning, but please be prepared to explain why, generally, UHC would be precluded from seeking information from physicians and, more importantly, why this would be the case when UHC has contractual rights to request information from network providers.

Thanks,
Adam

**From:** Rogers, Chris [mailto:Chris.Rogers@haynesboone.com]
**Sent:** Wednesday, August 09, 2017 4:26 PM
**To:** Sinton, Adam J.
**Cc:** Skidmore, Micah; Martin, Ernest; Mooney, Stephen W.; Kerew, Scott
**Subject:** RE: UnitedHealthcare Services, Inc., et al. vs. Next Health, LLC, et al.; Case No. 3:17-cv-00243-M

Adam,

It has come to our attention that your clients have been sending inflammatory correspondence to physicians who have ordered laboratory services from Next Health under the guise of informal discovery in this case.  We need to add, to tomorrow's agenda, a meet and confer on this topic and—if you will not agree to retract the communications—an emergency motion for a protective order regarding these contacts.

Thanks,
Chris

**Chris Rogers**
chris.rogers@haynesboone.com
(t) 214.651.5480

**From:** Rogers, Chris
**Sent:** Wednesday, August 09, 2017 11:23 AM
**To:** 'Sinton, Adam J.'
**Cc:** Skidmore, Micah; Martin, Ernest; Mooney, Stephen W.; Kerew, Scott
**Subject:** RE: UnitedHealthcare Services, Inc., et al. vs. Next Health, LLC, et al.; Case No. 3:17-cv-00243-M

Adam,

Yes, that works.  Thanks.

1