IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITEDHEALTHCARE SERVICES, INC.; UNITEDHEALTHCARE INSURANCE COMPANY, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| v. | § § | 3:17-CV-243 |
| NEXT HEALTH, LLC; UNITED TOXICOLOGY, LLC; MEDICUS LABORATORIES, LLC; U.S. TOXICOLOGY, LLC; AMERICAN LABORATORIES GROUP, LLC; ERIC BUGEN; AND KIRK ZAJAC, | § § § § § § § | |
| Defendants. | § § | |
| NEXT HEALTH, LLC, UNITED TOXICOLOGY LLC, MEDICUS LABORATORIES, LLC, US TOXICOLOGY LLC, AMERICAN LABORATORIES GROUP LLC, | § § § § § § | |
| Counterclaim-Plaintiffs | § § | |
| v. | § § | |
| UNITEDHEALTH GROUP INC., UNITEDHEALTHCARE SERVICES, INC., UNITEDHEALTHCARE INSURANCE COMPANY, | § § § § § | |
| Counterclaim-Defendants. | § § | |

**UNOPPOSED MOTION TO WITHDRAW**

Pursuant to Local Rule of Civil Procedure 83.12, Defendants Next Health, LLC, Medicus Laboratories, LLC, United Toxicology, LLC, U.S. Toxicology, LLC, and American Laboratories Group, LLC (collectively "Entity Defendants") hereby file the following Motion to Withdraw

(the "Motion") to allow the law firm of Haynes and Boone, LLP to withdraw as counsel of record and appoint the law firm of James S. Bell, PC as lead counsel for Entity Defendants in this matter.

1. "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court . . . ." *United States v. Conlan*, 786 F.3d 380, 390 (5th Cir. 2015) (citations omitted). "A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case." *United States v. Cesario*, 2016 U.S. Dist. LEXIS 137275, at *12 (N.D. Tex. Oct. 4, 2016) (citation omitted).

2. As documented in pleadings and briefs filed with this Court, *e.g.*, Doc. No. 37 (Entity Defendants' Emergency Motion for Protective Order and Supporting Brief), the Complaint (Doc. No. 1) filed by Plaintiffs UnitedHealthcare Insurance Company and UnitedHealthcare Services, Inc. (collectively "Plaintiffs") initiating this lawsuit on January 26, 2017 is a deliberate attempt to destroy Next Health's business, thereby reducing costs and maximizing profits for UHC's executives and shareholders.

3. As a direct result of the vague, slanderous and contradictory allegations of healthcare fraud made by UHC, Entity Defendants have lost hundreds of millions of dollars in revenue and business value over the last year and have been forced to lay off more than 300 employees. *See, e.g.*, Doc. No. 37-1, at ¶¶ 13-14.

4. UHC's false and incendiary accusations against Entity Defendants, and the ensuing damage to Next Health's business, have now also made it impossible for Entity Defendants to continue to retain Haynes and Boone, LLP to defend its interests in this litigation.

Accordingly, in order to conserve costs, Entity Defendants respectfully request that Haynes and Boone, LLP be permitted to withdraw as counsel of record in this case, effective immediately, with the law firm of James S. Bell, PC to act as lead counsel for Entity Defendants going forward.  Accordingly, "good cause" exists for the withdrawal of Haynes and Boone, LLP as counsel of record in this matter.  *Cf. Dorsey v. Portfolio Equities, Inc.*, 2008 U.S. Dist. LEXIS 75654, *6 (N.D. Tex. Sept. 29, 2008) ("The Fifth Circuit has recognized that counsel may have good cause to withdraw when a client 'refuses to pay for services.'" (citation omitted)).

5. The withdrawal of Haynes and Boone, LLP will not interrupt the progression of this litigation.  Mr. Bell, who will represent Entity Defendants as lead counsel in this matter going forward, filed a notice of appearance on April 13, 2017 (Doc. No. 25).  Consequently, no time will be needed, nor will any financial burden be incurred, by Entity Defendants to identify and retain new counsel.

6. This lawsuit has been on file for less than one year, and there are now before the Court motions to dismiss filed by both Entity Defendants (Doc. Nos. 18-20) and Plaintiffs (Doc. Nos. 64-66, 93-94), which remain pending.  To the extent that threshold issues relating to the composition of the parties' pleadings remain unresolved, the withdrawal of Haynes and Boone, LLP and the appointment of Mr. Bell as lead counsel is not untimely and will not delay the progress of this case.

7. Mr. Bell has been copied on and is familiar with the filings made in this matter over the past eight (8) months.  While adjustments to the existing scheduling order may need to be made for other reasons, no additional time will be required as a result of the withdrawal of counsel requested in this Motion.

8. No prejudice will be sustained by any other party as a result of the withdrawal of Haynes and Boone, LLP. Plaintiffs are not opposed to the withdrawal of Haynes and Boone, LLP.

9. Entity Defendants' withdrawal of Haynes and Boone, LLP as counsel of record in this case is not sought for purposes of delay, but only that justice might be served.

10. Accordingly, the prosecution of this lawsuit will not be disrupted or delayed by the attorney withdrawal requested in the present Motion. *See, e.g.*, *White v. BAC Home Loans Servicing, LP*, 2010 U.S. Dist. LEXIS 60077, *7-8 (N.D. Tex. June 15, 2010) (stating that "[e]ven where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel" and outlining the following factors for consideration: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take – and the financial burden it would impose on – the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice").

WHEREFORE, Entity Defendants respectfully request that the Court grant the foregoing Motion to Withdraw and enter an order (1) granting the Motion in its entirety; (2) granting the withdrawal of Haynes and Boone, LLP as counsel of record for Entity Defendants, effective immediately; and (3) granting Entity Defendants such other relief as they may be justly entitled.

Respectfully submitted,

*/s/Ernest Martin, Jr.*
Ernest Martin, Jr.
Texas Bar No. 13063300
ernest.martin@haynesboone.com
Micah Skidmore
Texas Bar No. 24046856
micah.skidmore@haynesboone.com
Christopher A. Rogers
Texas Bar No. 24051264
chris.rogers@haynesboone.com
Nicole Sommerville
Texas Bar No. 24068637
nicole.somerville@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
214-651-5000 (Telephone)
214-651-5940 (Telecopier)

**ATTORNEYS FOR ENTITY DEFENDANTS NEXT HEALTH, LLC, MEDICUS LABORATORIES, LLC, UNITED TOXICOLOGY, LLC, U.S. TOXICOLOGY, LLC AND AMERICAN LABORATORIES GROUP, LLC**

**CERTIFICATE OF CONFERENCE**

The undersigned conferred with counsel for Plaintiffs on January 8th and 10th, 2018 concerning the relief requested herein. While Plaintiffs do not agree with the content of the Motion, Plaintiffs do not oppose Entity Defendants' withdrawal of Haynes and Boone, LLP as counsel of record in this case.

/s/Micah Skidmore
Micah Skidmore

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on the following counsel via ECF, in accordance with the Federal Rules of Civil Procedure on this 10th day of January, 2018:

Stephen W. Mooney
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326

Adam Joseph Sinton
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
6385 S. Rainbow Blvd, Suite 400
Las Vegas, NV 89118

Andrew G. Jubinsky
Raymond Earl Walker
Figari & Davenport LLP
901 Main Street, Suite 3400
Dallas, TX 75202-3796

The undersigned further certifies that a true and correct copy of the foregoing document has been served via regular U.S. Mail to the following on this 10th day of January, 2018:

Kirk Zajac
15825 Garrison Cir.
Austin, TX 78717-3053
*Pro Se*

Eric Bugen
1504 West Avenue
Austin, Texas 78701
*Pro Se*

/s/Micah Skidmore
Micah Skidmore