UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITEDHEALTHCARE SERVICES, INC. AND UNITEDHEALTHCARE INSURANCE COMPANY, | No.: 3:17-CV-0243-M |
| Plaintiffs, | |
| vs. | |
| NEXT HEALTH LLC, AMERICAN LABORATORIES GROUP LLC, MEDICUS LABORATORIES, UNITED TOXICOLOGY, U.S. TOXICOLOGY LLC, ERIC BUGEN, AND KIRK ZAJAC, | |
| Defendants; | |
| NEXT HEALTH LLC, AMERICAN LABORATORIES GROUP LLC, MEDICUS LABORATORIES LLC, UNITED TOXICOLOGY LLC, AND U.S. TOXICOLOGY LLC, | |
| Counterclaim-Plaintiffs, | |
| vs. | |
| UNITEDHEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY, AND UNITEDHEALTH GROUP, INC., | |
| Counterclaim-Defendants. | / |

**REPLY IN SUPPORT OF COUNTERCLAIM-DEFENDANTS' MOTION TO DISMISS COUNTERCLAIM-PLAINTIFFS' COUNTERCLAIMS**

## I.  INTRODUCTION

Counterclaim-Plaintiffs' (collectively, "Next Health") ERISA causes of action are allegedly based on 68,954 underlying claims for benefits, spanning from March 18, 2014 to January 25, 2017. But Next Health fails to name any patients on whose behalf these causes of action are asserted; it does not identify any of the subject plans; it does not plausibly explain why any claim decisions were wrong under the (unidentified) plans' terms; none of its varying assignments constitute knowing and express assignments of the non-benefits claims; and, finally, Next Health's otherwise infirm Counterclaims are littered with immaterial and scandalous allegations intended only to prejudice Counterclaim-Defendants (collectively, "UHC"). The Court should dismiss the Counterclaims in their entirety, or require a more definite statement and strike the immaterial and scandalous allegations.

## II.  ARGUMENT

### A.  Next Health lacks standing to assert non-benefits claims.

UHC moved to dismiss Next Health's non-benefits claims for relief because Next Health does not have "express and knowing" assignments of those causes of action.[1] [ECF No. 93 at 12-13.] Unlike cases in which providers alleged they obtained the same form of AOB from every patient, Next Health admits its AOBs have "varied over time." [ECF No. 72 ¶ 385.] UHC attached several variations to its Motion to Dismiss that used different language from what was quoted in Next Health's Counterclaim.[2] [ECF No. 93 at 12-13.] In response, Next Health acknowledges using at least eight variations of AOBs since April 5, 2016. [ECF No. 106-1.]

---

[1] There is no dispute that an assignment of benefits ("AOB") is insufficient to convey standing to a provider to assert non-benefits claims. *Tex. Gen. Hosp., LP v. United Healthcare Services, Inc.*, No. 3:15-CV-2096-M, 2016 WL 3541828, at *9 (N.D. Tex. June 28, 2016) (citing authorities) ("*Texas General*"). Rather, a provider must have obtained an "express and knowing assignment" of the non-benefits claims to have standing. *See id.* at * 8.

[2] Because this challenge is supported by evidence outside the pleadings [ECF No. 93 at 12-13], "the plaintiff must submit evidence and prove by a preponderance of the evidence that the court has jurisdiction." *Texas General*, 2016

1

Since that date, the assignment language in the AOBs falls into two categories: (i) as quoted from a form dated April 5, 2016 ("AOB Form 1"); and (ii) revised language quoted from a form dated May 17, 2016, that has been used on each variation since then ("AOB Form 2"). [*Id*. ¶¶ 6-7.] Even if Next Health's evidence is admissible,[3] Next Health has failed to carry its burden of demonstrating that it has an "express and knowing assignment" of breach of fiduciary duty and statutory penalty claims relating to 68,954 claims, going back to March 2014.

### 1. Non-benefits claims for dates of service before May 17, 2016 must be dismissed because AOB Form 1 is ineffective to convey assignments of non-benefits claims.

Under this Court's ruling in *Texas General*, the language in AOB Form 1 is insufficient to convey non-benefits claims. Moreover, as Judge Rosenthal explained in *Electrostim*,[4] Next Health must identify the patients from whom it obtained assignments. It follows that, to survive a factual attack on standing under Rule 12(b)(1) with respect to non-benefits claims, Next Health must identify the patients from whom it obtained an "express and knowing assignment" of those claims, especially where (as here) the form of AOB used for a large portion of the time period in dispute was deficient. Yet Next Health has not identified a single patient with a date of service before May 17, 2016 on its list of claims that executed anything other than AOB Form 1. Accordingly, at a minimum, the non-benefits claims should be dismissed with respect to dates of service prior to May 17, 2016.

---

WL 3541828, at *3 (citing *Crowder v. Village of Kaufman, Ltd.*, No. 3:09–cv–2181–M, 2010 WL 2710601, at *1 (N.D. Tex. July 7, 2010) (Lynn, J.)).

[3] Next Health's evidence is objectionable on several grounds. Its affidavit purports to set forth the content of forms, which is hearsay, and none are attached, which violates the best evidence rule. [ECF No. 106-1 ¶¶ 6-8.] *See* Fed. R. Evid. 801, 1002. The affidavit goes even further by opining on the similarities between the two purportedly quoted AOBs in ¶¶ 6 and 7, on one hand, and other forms from 2015 and before May 17, 2016 that are "similar or the same.". [*Id*. ¶ 8.] In addition to being hearsay and not the best evidence, this statement is conclusory and lacks foundation because no facts about the actual content of the older forms are provided. *See* Fed. R. Evid. 104, 401, 702, 802. Next Health thus wholly fails to carry its evidentiary burden to establish standing to assert *any* non-benefits claims.

[4] *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, No. CV H-11-2745, 2017 WL 1710567, at *8 (S.D. Tex. May 3, 2017).

### 2. AOB Form 2 is also ineffective to convey assignments for non-benefits claims, requiring dismissal of non-benefits claims for the remaining dates of service.

Next Health baldly asserts that the language in AOB Form 2 is sufficient to convey breach of fiduciary duty and statutory penalty claims. [ECF No. 106 at 10.] But such a conclusory assertion cannot supplant the actual language used in the AOB (or which is purported to have been used in the AOB), which is squarely before the Court and determines the scope of claims that may be brought thereunder. *See Ctr. For Orthopedics & Sports, Med. v. Horizon*, No. 13-1963, 2015 WL 5770385, at *4 (D.N.J. Sept. 30, 2015) ("To determine the scope of claims that a healthcare provider may bring under ERISA, courts look to the language of the assignment."). "Assignment agreements are generally interpreted narrowly." *Sanctuary Surgical Ctr., Inc. v. Aetna, Inc.*, 546 F. App'x 846, 851 (11th Cir. 2013); *see also Tex. Life, Acc. Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.*, 105 F.3d 210, 218 (5th Cir. 1997) ("It is essential to an assignment of a right that the obligee manifest an intention to transfer the right to another person without further action or manifestation of intention by the obligee." (quoting Restatement (Second) of Contracts § 324 (1981)).

When an assignment, read as a whole, focuses on payment for medical services without referencing other types of claims, it does not assign breach of fiduciary duty claims. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Az., Inc.*, 770 F.3d 1282, 1292 (9th Cir. 2014) (concluding provider lacked standing to assert fiduciary-breach claims, explaining: "The entire focus of the Assignment is payment for medical services provided by Spinedex. The Assignment nowhere indicates that, by executing the assignment, patients were assigning to Spinedex rights to bring claims for breach of fiduciary duty."). For example, in *Bloomfield*, the subject assignment conveyed "all of my rights and benefits under any insurance contacts for payment for service rendered to me" and the right to "enter legal or other action on my behalf . . .

3

to collect such sums due." *Bloomfield Surgical Ctr. v. Cigna Health & Life Ins. Co.*, No. 16-8645, 2017 WL 2304642, at * 2 (D.N.J. May 25, 2017). The court held the phrase "for payment of services rendered to me" limited "the assignment to recovering payment for services rendered to the Patient." *Id*. This language "narrows the scope of the assignment of legal rights to the collection of benefits" and therefore did not assign the right to assert breach of fiduciary duty claims. *Id*. (citing authorities). Accordingly, the court dismissed the non-benefits claim.

Here, as in *Spinedex*, AOB Form 2 focuses on payment for services rendered ("payment for my charges"), and, as in *Bloomfield*, limits the "rights, claims and causes of action" to "pursuing recovery for the charges incurred in my care." [ECF No. 106-1, at 3, ¶ 7.] Read as a whole, AOB Form 2 thus constitutes an "express and knowing" assignment of claims for benefits, not claims for breach of fiduciary duty.[5]

Next Health fails to cite a single case holding that the language in AOB Form 2 is effective to convey non-benefits claims. Rather, Next Health cites cases that were determined based on the pleadings under a "facial attack" without the benefit of the actual assignment language to determine its proper scope[6] and/or that addressed derivative standing to assert

---

[5] Basic rules of contract interpretation require the same result. AOB Form 2 exemplifies why assignments must be narrowly construed. If not, the phrase "all rights, claims, and causes of action" read in isolation, when signed by a a member of an employer's self-funded benefit plan, might convey and relinquish any cause of action that patient had against his or her employer, *e.g.*, for back pay, workers' compensation benefits, discrimination, etc.. Texas federal courts have rejected broad interpretations in similar contexts. *See Elite Center for Minimally Invasive Surgery, LLC v. Health Care Svc. Corp*., 221 F. Supp. 3d 853, 862 (S.D. Tex. 2016) (commenting that it would be "quite odd for plan participants to assign away all their rights to obtain current plan documents, in perpetuity, to a single medical provider rendering medical services on a single occasion") ("*Elite*"). Also, interpreting this language so broadly would render another sentence in the same paragraph superfluous; *i.e.*, the sentence separately assigning "all rights, claims or causes of action I may have to request and obtain documents from any health plan" would be subsumed by it. Instead, the AOB should be read to assign claims "for the charges in my care."

[6] ECF No. 106 at 4 n. 01 and 3; *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co*., No. 3:16-CV-2355-G, 2017 WL 4868180, * (Oct. 27, 2017 N.D. Tex.) ("At this early stage, the assignments on which AP relies are not attached to the Third Amended Complaint or to the defendants' motion, and are not otherwise presently before the court."); *Premier Health Center, P.C. v. UnitedHealth Group*, No. 11-425(ES), 2012 WL 1135608, at *7 (D.N.J. Apr. 4, 2012) (focused solely on "well pleaded allegations" in the complaint).

benefits claims, not breach of fiduciary duty claims.[7] These cases are thus inapt.

Accordingly, the Court should rule, as it did in *Texas General*, that because "[t]he assignment does not reference any ERISA breach of fiduciary duty claims," it is "ineffective to assign any right to pursue non-benefits ERISA claims, including claims for breach of fiduciary duty." 2016 WL 3541828, at *9.

### B. Next Health's Counterclaims should be dismissed for failing to state a claim.

UHC moved to dismiss Next Health's first four causes of action for failure to identify necessary bare minimum information – *i.e.*, the patients from whom Next Health received assignments, the subject plans, plan terms at issue, and how plan terms had been allegedly breached.

#### 1. Next Health must identify the plans.

Next Health's counterclaims should be dismissed because Next Health has not provided even the most basic information to identify the underlying health plans on which its claims are based. For example, policy numbers provide the notice required by the Rules of Civil Procedure. *See Newcourt, Inc. v. Landmark Am. Ins. Co.*, No. 5:10-CV-80-DF, 2011 WL 13217845, at *2 (E.D. Tex. Mar. 1, 2011) (Folsom, J.) (pleading was adequate to give defendant notice because it set forth the "policy number" for the policy in dispute). Next Health cites no authority suggesting a defendant deserves less notice merely because a provider chooses to aggregate in one lawsuit thousands of separate, purportedly-assigned claims under different health plans against multiple defendants.

---

[7] *See Premier Health Center, P.C.,* 2012 WL 1135608, at *7 (which does not mention breach of fiduciary duty or statutory benefit claims in connection with the amended complaint); *see also Premier Health Center, P.C. v. UnitedHealth Group*, No. 11-425(ES), ECF No. 15 (Am. Comp.) at ¶¶ 145-173 (D.N.J. Apr. 4 2012) (asserting two benefits claims, a claim for full and fair review of the benefits claims, and for declaratory relief, but no claim for breach of fiduciary duty or for statutory penalties).

5

To the contrary, a provider must identify both the plan member who assigned rights to the provider and the policy that offered the benefits/rights that were assigned in order to set forth a plausible ERISA claim for benefits under the "terms of the plan." *See, e.g., Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, No. CV H-11-2745, 2017 WL 1710567, at *8 (S.D. Tex. May 3, 2017) (despite the "daunting task, given the number of claims in issue," the court cautioned the provider to include allegations that, among other things, identify "who assigned rights under what insurance policy"); *see also IDD II*, 2015 WL 4992964, at *4, n.3 ("The table that the plaintiff used in Encompass included patients' names, policy numbers, group numbers, dates of service, and cost of services," which taken together with other allegations satisfied Rule 8.) (citing *Encompass Office Solutions, Inc. v. Conn. Gen. Life Ins. Co.*, No. 3:11-cv-02487-L, 2012 WL 3030376, *8 (N.D. Tex. July 25, 2012)).

Next Health cites three cases from this circuit to justify its omission; but these cases support UHC.[8] For example, Next Health quotes Judge Solis's opinion in *Encompass/BCBS* to suggest that supplying plan participants' names alone was sufficient to withstand a motion to dismiss. [ECF No. 106 at 14 n. 14.] Of course, Next Health does not provide this information and, more to the point, the provider in *Encompass/BCBS* identified each patient, as well as the health plan number and other information. *Encompass*, No. 3:11-cv-01471-M, ECF No. 18 at 15 and Ex. 2 (filed Sept. 21, 2011). In *Texas General*, UHC initially moved to dismiss because (among other things) the complaint did not identify any specific plans, which the hospital quickly cured by amendment listing policy and group numbers and other information. *See Texas General*, No. 3:15-cv-02096-M, ECF No. 15, at 14 (filed Sept. Aug. 4, 2015) and ECF No. 27-1

---

[8] ECF No. 106 at 15 n. 11, 12 and 14 (citing *Texas General, Elite*, 221 F. Supp. 3d at 857, and *Encompass Office Solutions, Inc. v. BlueCross BlueShield of Tex.*, No. 3:11-cv-01471-M, 2012 U.S. Dist. LEXIS 191026, at *13 (N.D. Tex. Jan. 10, 2012) ("*Encompass/BCBS*")).

6

(filed Sept. 11, 2015). Even in *Elite*, the provider identified some of the plans at issue by name. 221 F. Supp. 3d at 857.

In contrast, Next Health has not identified a single plan in dispute. Moreover, UHC has not been provided notice because Next Health has not provided plan or group numbers (or any other identifiable information, such as patient names or ID numbers). A list consisting of dates of service and charge amounts simply is not enough to identify all the plans covering the more than 60,000 claims allegedly in dispute. Next Health itself inadvertently makes this point in arguing that UHC's plan terms (which would otherwise be central to Next Health's claims and refute its conclusory assertion about plan terms) should be ignored because UHC's plan is not conclusively among the plans at issue. [*Cf.* ECF No. 93 at 15-16 *with* No. 106 at 17 (highlighting that "UHC cannot even confirm [its plan] is relevant to Entity Defendants' Counterclaim").] UHC is not required "to go on a fact-gathering mission of its own to decipher [a provider's] claims." *Infectious Disease Doctors, P.A. v. Bluecross Blueshield of Tex.*, No. 3:13-cv-2920-L, 2014 WL 4262164, at *3, n.2 (N.D. Tex. Aug. 29, 2014). Because Next Health's Counterclaims and exhibits do not provide notice regarding which plans are in dispute, including group/policy numbers, they fail to state a claim.

### 2. Conclusory allegations about plan terms are insufficient.

UHC also moved to dismiss because Next Health has not identified the applicable terms of the plans and how they were violated. Instead, Next Health employs the same conclusory approach rejected by Judge O'Connor in *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, No. 3:12-CV-1607, 2014 WL 10212850, *5 (N.D. Tex. July 21, 2014) ("*Innova II*") (rejecting as conclusory allegations that the defendants' plans uniformly required payment of "all claims at [reasonable and customary or usual, customary, and reasonable] amounts."). There are no *facts* that permit a reasonable inference that all 64,954 claims relate to

7

plans with the same terms, let alone that every claim decision was wrong for the same reason. Next Health does not meaningfully distinguish its allegations from those rejected in *Innova II*.

Moreover, even if these allegations are not conclusory (which they are under *Innova II*), they do not state a cause of action challenging any claims decisions besides determinations that charges were not ""usual, reasonable, and customary" under plan terms limiting benefits to usual, reasonable, and customary charges. Alternatively, and at a minimum, the Court should dismiss the Counterclaims except to the extent it challenges claims that were denied or underpaid based on a plan term limiting reimbursement to a "usual, reasonable, and customary amount."

### C. Count Two fails because Next Health cannot bring a claim for breach of fiduciary duty when there is a pending claim for benefits.

In its response, Next Health makes four arguments in support of retaining its breach of fiduciary duty claim despite a pending claim for benefits under 29 U.S.C. § 1132(a)(1)(B). None avoids dismissal. First, Next Health asserts there is no "absolute prohibition" on a duplicate breach of fiduciary duty claim seeking monetary relief. [ECF No. 106 at 18.] But the well-settled rule in this circuit is to the contrary. *See Texas General*, 2016 WL 3541828, at *9.

Second, relying on *Peterson v. UnitedHealth Group, Inc.*, 242 F. Supp. 3d 834, 849 (D. Minn. 2017), Next Health attempts to argue that its breach of fiduciary duty claim implicates recoupments on past overpayments and therefore distinguishes *Advanced Physicians, S.C.*, 2017 WL 4868180, at *9 (dismissing breach of fiduciary duty claim because "the root of AP's suit is its claim for payment of benefits"). However, the legal claims brought in *Peterson* to challenge recoupments were a benefits claim and request for injunctive relief, not a breach of fiduciary duty claim. *See Peterson*, No. 0:14-cv-02101, ECF No. 77 ¶¶ 54-61 (filed June 19, 2015). As in *Advanced Physicians, S.C.*, the root of Next Health's suit is for payment of benefits, and the logic of that case applies with equal force here.

8

Third, Next Health makes the unremarkable point that some breach of fiduciary duty claims do not duplicate benefits claims, citing a case dealing with reformation of a defined benefit plan into a cash benefit plan. [ECF No. 106 at 19-20.] But here, Next Health's ultimate aim is to recover payments for services rendered, clearly duplicating the benefits claim.

Fourth, Next Health argues that Fifth Circuit cases have upheld this rule on summary judgment. But neither cited case holds that a breach of fiduciary duty claim that is facially duplicative of a pending benefits claim should survive dismissal, which is no doubt why courts in this district have dismissed such claims at the pleading stage. *Advanced Physicians, S.C.,* 2017 WL 4868180, at *9. Accordingly, even if Next Health has standing to assert a breach of fiduciary duty claim, it should be dismissed.

### D.     Next Health has no statutory claim for penalties.

UHC moved to dismiss Next Health's fourth cause of action for statutory penalties because: (i) Next Health does not allege that it requested plan documents from UHC; and (ii) the allegation that UHC was the statutorily defined "administrator" for all of the plans is speculative.

Next Health argues that "specific dates on which plan documents were requested" are not required to state a claim. [ECF No. 106 at 20-21.] But the flaw here is more fundamental. Next Health simply recites the statute, but nowhere alleges that it requested plan documents from UHC at any time. Next Health also improperly ignores the difference between a third-party claims administrator that process claims, on one hand, and an ERISA plan administrator (*i.e.,* statutorily defined and typically the employer as the "plan sponsor"), on the other. No facts show UHC is the statutorily designated administrator for all 64,964 claims. Accordingly, even if Next Health has standing to assert a statutory penalty claim, Next Health's fourth cause of action should be dismissed for failure to state a claim.

9

### E.     Next Health's immaterial and scandalous allegations should be struck.

Next Health repeatedly refers to UHC's 12(f) "Motion to Dismiss," or 12(f) "dismissal arguments," but UHC is only moving to strike particular allegations that have no bearing on Next Health's causes of action. Next Health is conflating two separate Rule 12 mechanisms. If UHC's Rule 12(f) motion is granted, Next Health's causes of action would not automatically be dismissed; their scandalous and impertinent allegations would be struck. UHC would not be making the 12(f) motion if the allegations at issue were merely immaterial and impertinent. However, the disclosure of confidential settlement discussions and recitation of Plaintiffs' parent-company's executives' compensation are scandalous and only intended to prejudice UHC.

The egregious nature of the disclosure of confidential settlement discussions cannot be understated. Next Health has admitted, via the affidavit of Chris Anderson, that all of the settlement discussions between Next Health and UHC were confidential. Ignoring its officer's sworn statement, Next Health contends that the statute of frauds excuses its public dissemination of these confidential discussions. While the statute of frauds requires certain agreements to be reduced to writing, it exists so that there cannot be a future disavowal of the agreement. Where a party admits the existence of an agreement, however, it cannot disavow it for want of a writing. *James L. Gang & Assocs., Inc. v. Abbott Laboratories, Inc.*, 198 S.W.3d 434, 441 (Tex. App.—Dallas 2006, no pet.). All of the scandalous and impertinent allegations should be stricken.

### III.     CONCLUSION

For these reasons as well as those set forth in UHC's original brief, the Court should GRANT UHC's Motion to Dismiss Next Health's Counterclaims in whole, or in part, and require a more definite statement under Rule 12(e), and/or strike the Counterclaim's impertinent allegations under Rule 12(f).

Respectfully submitted, this 19th day of January, 2018.

                                **WEINBERG, WHEELER, HUDGINS GUNN & DIAL, LLC**

                                */s/ Stephen W. Mooney*
STEPHEN W. MOONEY, ESQ.
Texas Bar No.: 14319100
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Telephone: 404-876-2700 | Facsimile: 404-875-9433
Email:   smooney@wwhgd.com

D. LEE ROBERTS, JR., ESQ.
ADAM J. SINTON, ESQ.
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
Telephone: 702-938-3838 | Facsimile: 702-938-3864
Email:   asinton@wwhgd.com
         lroberts@wwhgd.com

**FIGARI & DAVENPORT, LLP**

ANDREW G. JUBINSKY, ESQ.
RAYMOND E. WALKER, ESQ.
901 Main Street, Suite 3400
Dallas, TX 75202-3796
Telephone: 214-939-2000 | Facsimile: 214-939-2090
Email:   andy.jubinsky@figdav.com
         ray.walker@figdav.com

*Counsel for Plaintiffs/Counterclaim-Defendants*

11

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 19th, day of January, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system pursuant to Local Rule 5.1(d), which will automatically send notification of such filing to all counsel of record pursuant to Local Rule 5.1(d).

James S. Bell, Esq.
James S. Bell, PC
2808 Cole Avenue
Dallas, TX 75204

*Attorney for Entity Defendants*

  I HEREBY FURTHER CERTIFY that we have sent a copy of the foregoing via regular U.S. Mail to the following:

| | |
|---|---|
| Kirk Zajac<br>15825 Garrison Cl<br>Austin, TX 78717-3053 | Erik Bugen<br>1504 West Avenue<br>Austin, TX 78701 |
| *Pro Se* | *Pro Se* |

**WEINBERG, WHEELER, HUDGINS GUNN & DIAL, LLC**

 */s/ Stephen W. Mooney*
STEPHEN W. MOONEY, ESQ.
Texas Bar No.: 14319100
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Telephone: 404-876-2700 | Facsimile: 404-875-9433
Email: smooney@wwhgd.com