IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITEDHEALTHCARE SERVICES, INC., ET AL., | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Case No. 3:17-cv-00243-S-BT |
| NEXT HEALTH LLC, ET AL., | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Defendant Erik Bugen's Motion to Remove the Defendant from the Cause and Case (ECF No. 205), which the Court should construe as a motion for summary judgment and deny the Motion.

I.

This is a civil fraud action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Lanham Act, 15 U.S.C. § 1125(a). By their complaint, Plaintiffs United Healthcare Services, Inc. and UnitedHealthcare Insurance Company allege that Defendant Erik Bugen created a fake clinic, the Alcoholism and Drug Addiction Recovery Group ("the ADAR Group"), to collect urine and saliva specimens from individuals with commercial insurance so that Defendant

Next Health LLC's various subsidiaries could perform unnecessary testing and then bill Plaintiffs thousands of dollars per specimen. In return for providing the specimens, Next Health LLC allegedly funneled millions of dollars to Bugen through a shell company. Bugen filed an answer to Plaintiffs' Complaint in April 2017, generally denying their allegations.

Bugen later pleaded guilty to charges of conspiracy to commit health care fraud arising out of the same conduct underlying the allegations in this case. The court sentenced him to 36 months in federal prison, and he surrendered to the Bureau of Prisons on July 5, 2018.

Bugen has now filed a motion to remove himself from the case. He does not identify any legal grounds on which to dismiss the claims against him. Instead, he generally argues that maintaining the claims against him would be unfair because (1) he has forfeited more than $1.4 million dollars in assets to the government and is now indigent; (2) he still owes $4.6 million to the government, but his future financial prospects are limited by his conviction; (3) he has performed significant good works in the community; and (4) requiring him to remain in this case amounts to additional, undeserved punishment. Because Bugen has filed an answer, he is not entitled to file a motion to dismiss under Rule 12 of the Federal Rules

of Civil Procedure. Therefore, the Court should construe his Motion to Remove as a motion for summary judgment.

## II.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets his initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence[.]" *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

## III.

Bugen has failed to show that he is entitled to summary judgment. He has not established the absence of any genuine issue for trial; nor has he

demonstrated that he is entitled to judgment as a matter of law. His equitable arguments are inapposite. That he is in prison or in poor financial standing is not a defense to Plaintiffs' allegations. Similarly, the fact that he may have performed good works in the past is irrelevant to the claims at issue in this lawsuit. Accordingly, the Court should deny his Motion.

IV.

The Court should DENY Erik Bugen's Motion to Remove the Defendant from the Cause and Case (ECF No. 205).

January 11, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).