IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED HEALTHCARE SERVICES, INC., ET AL., | § § § § § | |
| Plaintiffs, | | |
| v. | § | Case No. 3:17-cv-00243-S |
| NEXT HEALTH LLC, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this civil fraud action are three motions related to, or filed by, Defendant Kirk Zajac: (1) Plaintiffs' Motion for Default Judgment against Zajac (ECF No. 141); (2) Zajac's Motion to Set Aside Clerk's Entry of Default (ECF No. 181); and (3) Zajac's Motion for Leave to File an Answer (ECF No. 182). For the following reasons, Plaintiffs' motion should be denied, and Zajac's motion to set aside the Clerk's entry of default should be granted. In view of these recommendations, Zajac's motion for leave to file an answer is granted.

I.

Plaintiffs filed their Original Complaint on January 26, 2017, asserting claims for fraud against Zajac and several other defendants. Compl. (ECF No. 1). Plaintiffs served Zajac four days later, on January 30, 2017. Return 8 (ECF No. 17-1). However, Zajac failed to timely answer or otherwise defend against Plaintiffs'

claims. So, Plaintiffs obtained a Clerk's Entry of Default against Zajac, on April 4, 2017. Entry of Def. (ECF No. 24). On May 22, 2018, the District Court directed Plaintiffs to file a motion for a default judgment against Zajac, which Plaintiffs filed on June 5, 2018. May 22, 2018 Hr'g Tr. 81:25-82:1-10 (ECF No. 140); Mot. (ECF No. 141). By their motion, Plaintiffs ask the Court to award damages against Zajac in the amount of $11,067,910.80, which they represent is the amount Plaintiffs paid to Defendants United Toxicology, Medicus Laboratories, and U.S. Toxicology for lab services purportedly requested from by Dr. Sekhar Rao, Dr. Yun Kim, and Dr. Vinay Parameswara, as part of a fraudulent scheme perpetrated by Defendant Erik Bugen and Zajac. In response, Zajac filed a motion to set aside the Clerk's Entry of Default and a motion for leave to file an answer. Mots. (ECF Nos. 181, 182). The interested parties have had a full opportunity to respond to the issues raised by these motions, and the matters are ripe for disposition.

II.

A district court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000). To determine whether good cause to set aside a default exists, courts generally consider three, non-exclusive factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant can present a meritorious defense. *Id.* at 292 (citing *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183-84 (5th Cir. 1992)). A court may also consider other factors, such as whether the defendant acted expeditiously to

correct the default, whether any public interest is implicated, and whether the defendant could suffer a significant financial loss. *Dierschke*, 975 F.2d at 184.

Regarding the first factor, "willfulness" means an intentional failure to respond to the litigation. *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008) (citing *Lacy*, 227 F.3d at 292). In the Fifth Circuit, willfulness is determined by applying the excusable neglect standard. *US Green Bldg. Council, Inc. v. Wardell*, 2015 WL 5164068, at *2 (N.D. Tex. Sept. 1, 2015) (citing *Stevenson v. Verizon Wireless, LLC*, 2009 WL 188188, at *2 & n.* (N.D. Tex. Jan. 27, 2009); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (noting that "willfulness" under Fed. R. Civ. P. 55(c) and 60(b) is the same and holding that the former willful standard should be replaced with "the less subjective excusable neglect standard in the future"). Excusable neglect includes "'simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'" *US Green Bldg. Council*, 2015 WL 5164068, at *2 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). Here, Zajac explains that his failure to timely file an answer was the result of his mistaken belief that his co-defendant Erik Bugen would hire an attorney to respond on their behalf. Def.'s Br. 2 (ECF No. 181-1); Def.'s App. 105 (ECF No. 181-2).

In his declaration filed in support of his motion to set aside the default, Zajac explains that he worked for Bugen as an office manager. Def.'s App. 105-06. After Plaintiffs served him in this litigation, Zajac contacted Bugen who informed him that they "were 'in this together,' and that [Bugen] would retain an attorney on

3

[Zajac's] behalf to defend against the lawsuit." *Id.* 105. According to Zajac, he did not realize Bugen had misled him, until after Bugen had been sentenced on federal criminal charges relating to the same conduct that underlies Plaintiffs' allegations in this lawsuit. *Id.* Zajac then acted expeditiously to cure the default. He hired counsel and filed a motion to set aside the entry of default and a motion for an extension of time to answer, along with a proposed answer.

Zajac also states that he informed Plaintiffs' counsel early in the litigation that Bugen was managing his defense. *Id.* Plaintiffs do not dispute this assertion, nor do they contend that Zajac ever communicated to their counsel that he had no intention of defending the claims against him. In view of all the circumstances, the Court finds that Zajac's failure to respond was not willful. *Stelax Indus., Ltd. v. Donahue*, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004) (holding that the defendants' default was excusable where they were under the false impression that the co-defendant's attorney represented them).

Under the second factor, a defense is meritorious "if [it] contain[s] even a hint of a suggestion which, proven at trial, would constitute a complete defense . . . [including] broad and conclusory allegations." *Parker v. Bill Melton Trucking, Inc.*, 2016 WL 5704172, at *4 (N.D. Tex. Oct. 3, 2016) (quoting *Sea Horse Marine Inc. v. Black Elk Energy Offshore Operations, L.L.C.*, 2015 WL 4079831, at *4 (E.D. La. July 6, 2015)) (internal quotation marks omitted). Zajac alleges in his proposed answer that he had no knowledge of the object and purpose of the alleged conspiracy to commit fraud and, to the extent he furthered the alleged fraud, he

4

did so unknowingly. Answer 32 (ECF No. 182-1). He further alleges that Plaintiffs' claims under the Texas Theft Liability Act are barred by limitations. *Id.* 33. Without expressing any opinion on the merits of the parties' claims and defenses, the Court concludes that Zajac has presented a meritorious defense to Plaintiffs' claims.

As to the third factor, "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Nor does mere delay, by itself, constitute prejudice. *Id.* Rather, "'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (per curiam)). Here, Plaintiffs bear at least some responsibility for any delay in the litigation against Zajac, since they did not move for a default judgment until June 5, 2018, and only then at the Court's direction. The only prejudice Plaintiffs identify is that they have "limited examples of Zajac's various forms of electronic communication that he used to communicate with Next Health, its employees, Erik Bugen, and other unnamed co-conspirators" and that he might no longer have access to those communications. Pls.' Resp. 4 (ECF No. 200). However, Plaintiffs may serve discovery requests on Zajac to obtain the information and evidence they seek, and their speculation that Zajac might not

have access to certain documents does not approach a level that could constitute prejudice.

Considering all the evidence related to the Rule-55(c) inquiry, the Court concludes that Zajac has established good cause. Therefore, the Court should GRANT Defendant Zajac's Motion to Set Aside Clerk's Entry of Default (ECF No. 181) and direct the Clerk of Court to set aside the entry of default against Zajac.

### III.

Because the Clerk's Entry of Default should be set aside, Plaintiffs are not entitled to a default judgment. The Court should DENY as moot Plaintiffs' Motion for Default Judgment against Defendant Kirk Zajac (ECF No. 141). *AAR Supply Chain Inc. v. N & P Enters., LLC*, 2017 WL 5626356, at *2 (N.D. Tex. Nov. 22, 2017) (denying motion for default judgment as moot after granting motion to set aside default).

### IV.

Finally, Zajac has filed a Motion for Leave to File an Answer. The certificate of conference on the motion indicates that the relief requested is opposed. However, Plaintiffs did not file a brief in opposition to the motion. The Court has no argument—much less evidence—before it that the relief requested is not appropriate. Because the Court finds that the Clerk's Entry of Default should be set aside, Zajac should be required to file an answer. Therefore, the undersigned GRANTS Zajac's Motion for Leave to File an Answer (ECF No. 182) and orders that

Zajac's Answer (ECF No. 182-1), attached as an exhibit to the Motion for Leave to File an Answer, be deemed timely filed.

### IV.

In sum, the Court should GRANT Defendant Zajac's Motion to Set Aside Clerk's Entry of Default (ECF No. 181), direct the Clerk of Court to set aside the entry of default against Zajac, and DENY as moot Plaintiffs' Motion for Default Judgment against Defendant Kirk Zajac (ECF No. 141).

Zajac's Motion for Leave to File an Answer (ECF No. 182) is GRANTED, and Zajac's Answer (ECF No. 182-1), attached as an exhibit to the Motion for Leave to File an Answer, is deemed timely filed.

January 17, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).