IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED HEALTHCARE SERVICES, INC., et al., | § § § § § | |
| Plaintiffs, | | |
| v. | § § | Case No. 3:17-cv-00243-E-BT |
| NEXT HEALTH, LLC, et al., | § § § | |
| Defendants. | § | |

**<u>MEMORANDUM ORDER AWARDING ATTORNEYS' FEES</u>**

On September 29, 2021, the Court entered an Order (ECF No. 633) granting Plaintiffs UnitedHealthcare Services, Inc. and UnitedHealthcare Insurance Company's (collectively, United's) Emergency Motion to Quash. The Order quashed a subpoena served by Defendants on United under Federal Rule of Procedure 45, seeking to compel a "Corporate representative of plaintiffs United Healthcare Services, Inc. and United Healthcare Insurance Company" to appear and testify at a hearing. Pls.' Emergency Mtn. App. 2 (ECF No. 630-1). Because Defendants (collectively, NextHealth) only provided three days' notice when serving the subpoena, the Court quashed the subpoena and ordered NextHealth to pay United's attorneys' fees for preparing its Emergency Motion. Order 5 (ECF No. 633). United subsequently filed an application seeking $11,682.50 in attorneys' fees. Pls.' Appl. for Att'ys' Fees (ECF No. 657). After consideration of United's application, NextHealth's Response (ECF No. 664), and United's Reply (ECF No.

1

668), the Court ORDERS NextHealth and its counsel to each pay United $5,841.25 in attorneys' fees—thereby paying a total of $11,682.50 to United.

Federal Rule of Civil Procedure 45(d)(1) authorizes a court to impose sanctions, including "lost earnings and reasonable attorney's fees," against a party who fails to "avoid imposing undue burden or expense on a person subject to the [party's] subpoena." Fed. R. Civ. P. 45(d)(1). Indeed, Rule 45(d)(1) provides that, a court "*must* enforce this duty [to avoid imposing undue burden or expense] and impose an appropriate sanction . . . on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1) (emphasis added). Accordingly, "an order requiring . . . a subpoenaed part[y's] reasonable attorneys' fees is mandated where the party issuing the subpoena failed to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Am. Fed'n of Musicians of the U. S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 58 (N.D. Tex. 2015) (Horan, J.).

In the present case, the Court has already found that NextHealth violated Rule 45(d)(1) because it failed to "take reasonable steps to avoid undue expense . . . [by] serv[ing] a subpoena to testify at a hearing on three days' notice." Ord. 4 (ECF No. 633). NextHealth's arguments to the contrary are not persuasive. *See* Defs.' Resp. 9-10. NextHealth merely recycles old arguments in an attempt to relitigate the original Emergency Motion. The Court has already found that NextHealth failed to take reasonable steps to avoid undue expense by serving a subpoena to

2

testify at a hearing on three days' notice, and so an award of United's "reasonable attorneys' fees is mandated" in this case. *See Am. Fed'n*, 313 F.R.D. at 58.

The Court utilizes the "lodestar" method in calculating the attorneys' fee award. *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citations omitted). The lodestar is calculated by multiplying the reasonable number of hours spent on the case by an attorney by an appropriate hourly rate. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). A party seeking attorneys' fees bears the burden of establishing that the number of hours expended were reasonable with adequately recorded time records as evidentiary support. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court uses this time as the benchmark, but should exclude any time that is excessive, duplicative, unnecessary, or not adequately documented. *See id.* There is a strong presumption that the lodestar amount is reasonable. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

After calculation of the lodestar amount, the Court can either (1) accept the lodestar or (2) decrease or enhance the lodestar based on the circumstances of the case, taking into consideration the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to properly perform the legal service; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7)

3

the time limitations imposed; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of counsel; (10) the desirability of the case; (11) the duration and nature of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457. Furthermore, the lodestar amount may not be adjusted due to a *Johnson* factor that was already considered during the initial calculation. *See Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).

Here, United seeks a total of $11,682.50 in attorneys' fees incurred in preparing its Emergency Motion. The Declaration attached to United's fee application establishes that attorneys at Sinton Scott Minock & Kerew (SSMK) worked a total of 64.4 hours on the discovery motion. Dec. of Scott P. Kerew 3-4 (ECF No. 660). However, United seeks an award for only 29.3 hours of attorney work—including 9.0 hours for conferring with NextHealth's counsel and analyzing legal issues during conferral, and 20.3 hours analyzing, researching, and drafting the Emergency Motion. *Id.*

After careful review of the Declaration and United's Application for Fees, the Court finds that both the time spent and rates charged by United's counsel are reasonable. In preparing the Emergency Motion, United's counsel was faced with the unenviable task of preparing a motion to quash an improper subpoena on what amounted to a two-day timeline for the Court to consider the motion before the

impending hearing. Moreover, United's counsel charged standard rates and exercised billing discretion by reducing billed hours in multiple instances. *See* Dec. of Scott P. Kerew Ex. A 9 (ECF No. 660).

Once again, NextHealth's arguments to the contrary are not persuasive. NextHealth initially claims United has requested fees outside the scope of the Court's Order allowing fees. Defs.' Resp. 3. Specifically, NextHealth argues that United's request of fees for conferring with opposing counsel and analyzing legal issues during ongoing conferral is beyond the scope articulated in the Court's Order, which only allowed United to seek fees "for preparing its Emergency Motion." *Id.* (quoting Ord. 5 (ECF No. 633)). But in this district, such conferences are a requirement for the filing of most motions, including a motion to quash. *See* N.D. Tex. Loc. Civ. R. 7.1(a). Moreover, conferring with opposing counsel, and legal research regarding opposing counsel's arguments, are tasks routinely undertaken in preparing any discovery motion. Accordingly, the 9.0 hours billed for conferring and analyzing legal issues during conferrals are within the Court's Order allowing fees.

Similarly, NextHealth argues that United's counsel failed to exercise billing judgment by overstaffing the Emergency Motion and billing for duplicative work. Defs.' Resp. 3-6. But while NextHealth complains that seven attorneys billed time on the Emergency Motion, a close inspection of the billing records reveals that United only seeks reimbursement for the work of four attorneys. And the fact that four attorneys worked on an emergency motion to quash an improper subpoena—

5

on three days' notice—is not surprising or improper. Indeed, where, as here, there is a very short deadline, multiple attorneys working in concert may be more efficient that one lawyer working alone. Moreover, United's counsel exercised billing judgment by reducing the hours billed in several instances, thereby preventing duplicative billing. *See* Dec. of Scott P. Kerew Ex. A 9.

In asserting that United seeks reimbursement for duplicative work, NextHealth's main argument is to compare the number of hours charged, with the number of pages in the Emergency Motion. Defs.' Resp. 3-4. NextHealth asks the Court to impose "an average rate of approximately 1.2 hours per page," to ensure United is not reimbursed for duplicative work. *Id.* at 4. But NextHealth cites no authority for this novel approach, and the Court fails to see any rational basis for imposing an arbitrary hours-per-page measure. As United notes, producing a short, succinct, and well-written motion often requires greater effort—and more time—than does preparing a lengthy, rambling, poorly drafted motion. Pls.' Reply 5. To that end, the Court will not punish United for taking the time required to draft a succinct and well-written motion. To do otherwise would encourage parties to draft longer discovery motions, where fees are routinely awarded, in an effort to increase potential fee recovery. *See generally* Fed. R. Civ. P. 37, 45.

Ultimately, the Court notes that any inefficiency in the preparation of United's Emergency Motion was the result of the incredibly strict timeline imposed on United's counsel by NextHealth's improper service of a subpoena. Given the difficult circumstances imposed by NextHealth's subpoena, four attorneys working

6

long hours over a two- to three-day period to produce succinct work product is not unreasonable and was likely the most efficient option available to United's counsel.

NextHealth's final argument is that the $340 hourly rate charged by Ben Van Horn is unreasonable. Defs.' Resp. 6. Pointing to a prior Order, NextHealth asserts that "it is once again appropriate that the hourly rate for associate[] Van Horn . . . should be reduced by 20 percent to $272." *Id.* (citing Ord. 7 (ECF No. 26)). However, more than a year has passed since Mr. Van Horn performed the work that the Court discounted in its prior Order. And in that intervening year, the market for attorney pay in general, and associate pay specifically, has increased dramatically. *See, e.g.*, Sara Merken & David Thomas, *Large Law Associates Rake in Cash as More Firms Match Cravath Pay*, Reuters (March 4, 2022, 2:07 PM), https://www.reuters.com/legal/legalindustry/large-law-associates-rake-cash-more-firms-match-cravath-pay-2022-03-04/. Moreover, Mr. Van Horn has gained another year of experience in complex healthcare litigation since the Court's last Order considering fees. Pls.' Reply 7. Accordingly, while Mr. Van Horn's rate was unreasonable more than a year ago, it is reasonable in the current Dallas legal market.

Therefore, the Court calculates the lodestar to be $11,682.50, which represents 29.3 hours of attorney time at the reasonable rate billed by each attorney. Although there is a strong presumption that this lodestar figure is reasonable, the Court considers whether it should be adjusted upward or downward based on the *Johnson* factors.

Here, the Court finds that no adjustment to the lodestar figure is necessary. The difficult circumstances and somewhat novel issues presented in the Emergency Motion are adequately considered by the amount of time United's counsel billed. Given the circumstances, preparing the Emergency Motion did not require any unique skill or expertise on the part of United's attorneys, nor did it require more than the expected investment of time or labor. United's counsel billed United on an hourly basis, and there is no evidence before the Court that United imposed any time limitation on the attorneys or that other circumstances made representing United undesirable. United's counsel charged a customary fee, which resulted in an award that is reasonable for this type of motion.

Lastly, in its Order granting fees, the Court asked United to "address whether the sanction should be paid by Next Health or its counsel." Ord. 5 (ECF No. 633). But in its Application for Fees, United states that, even though "most of the discovery misconduct that has driven this case . . . is attributable to NextHealth," United is "unable to comment on whether the undue burden caused by this subpoena was owing to NextHealth, its counsel, or both." Pls.' App. for Att'ys' Fees 6. United goes on to state that "this issue is better addressed by NextHealth, which should be able to explain the attributability of the underlying conduct." *Id*. But in its Response, NextHealth fails to address how the fee award should be divided.

In any civil case, attorneys are generally responsible for conducting discovery, including propounding and responding to specific requests and issuing

8

and serving subpoenas. Certainly, deployment of the full array of discovery tools is generally within province of the attorney, rather than the client. *See, e.g.*, *Simmons v. Tarrant County 9-1-1 Dist.*, 2014 WL 2587516, at *5 (N.D. Tex. June 10, 2014) (Horan, J.); *Campbell v. Fireman's Fund Ins. Co.*, 2015 WL 151461, at *2 (E.D. La. Jan. 12, 2015). And the Federal Rules of Civil Procedure, as well as the local rules of this Court, give attorneys considerable discretion in how to schedule discovery. *See, e.g.*, Fed. R. Civ. P. 26; N.D. Tex. Loc. Civ. R. 5.2. These observations about the important role of the attorney in conducting discovery are particularly true in this case, where NextHealth has previously represented to the Court that it is now operated by a single individual, the sole manager and "last man standing." NextHealth has no general counsel or legal department; indeed, it has no employees. Def.'s Mot. for Prot. Ord. Ex. 3, at 2-3 (ECF No. 619-3). Thus, in view of all the evidence before it, the Court finds NextHealth's counsel bears some responsibility for the undue burden imposed by the quashed subpoena, and so the sanction should be partially borne by him.

Accordingly, the Court ORDERS NextHealth and its counsel to each pay United $5,841.25 in attorneys' fees—thereby paying a total of $11,682.50 to United.

## Conclusion

No later than May 1, 2022, NextHealth and its counsel will each pay United $5,841.25 for reasonable expenses incurred in bringing the Emergency Motion.

**SO ORDERED.**

April 1, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE