IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>NEXT HEALTH, LLC, et al.,<br><br>    Defendants. | Case No. 3:17-cv-00243-X-BT |

**ORDER GRANTING IN PART**
**PLAINTIFFS' MOTION TO COMPEL**

Before the Court is Plaintiffs' Motion to Compel (ECF No. 702) filed on July 6, 2022 (hereafter the "Motion"). UHC's Motion sought various categories of documents, audio recordings, and a centralized database pertaining to Next Health's pharmacy operations[1] which UHC contends are responsive to Document Requests 9, 48–54, 56–63, and 65–88. UHC's Motion also sought additional answers to Interrogatory Nos. 5 and 9. Given the imminent close of discovery on July 15, 2022, the Court ordered the Parties to meet and confer and file a joint report rather than further briefing, and the Parties filed their Joint Report Concerning Plaintiffs' Motion to Compel accordingly (ECF No. 706 and hereafter "Joint Report"). On July 12, 2022, the Parties appeared before the Court on UHC's motion. (Hr'g, ECF No. 707; Hr'g Tr., ECF No. 708.). Having considered the

---

[1] Plaintiffs are generally referred to herein singularly as "UHC." Defendants are generally referred to herein as "Next Health."

1

Parties' submissions and the arguments of counsel, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Motion.

At the July 12 hearing, the Court took up the four specific "Discovery Requests and Objections to be Heard and Determined" the Parties' Joint Report presented for consideration. Additionally, the Court took up many of the remaining issues the Joint Report noted in the eight categories described on the Joint Report's pages two and three.[2] Accordingly, this Order addresses the issues as taken up during the July 12 hearing and **ORDERS** as follows:

> **Issue 1: "RPD No. 77 – Documents concerning or otherwise providing support for the spreadsheet produced with bates label NH-001354717 (ECF 702-1, App. 38-39)."**

The Court finds that, as of the date of the hearing, Next Health has not yet made all reasonable efforts to locate responsive documents. The Court **ORDERS** Next Health to make reasonable efforts to produce responsive documents, which may include performing additional searches pursuant to terms provided by UHC's counsel. The Court also suggests that Next Health attempt to locate Ms. Harvard.

> **Issue 2: "RPD No. 71 – A mirrored electronic copy of the Next Health "Computer RX" database in a format allowing Plaintiffs to navigate the records contained therein (ECF 702-1, App. 36)."**

The Court finds that Next Health has taken adequate steps to search for responsive information and to explain that the Computer RX database does not

---

[2] The Court notes that the Joint Report mentioned the following requests, but that, because UHC had not completed review of responsive documents Next Health had previously produced, such requests were not taken up at the July 12 hearing: Requests for Production 56-57, 59-63, 65-70, and 83-85 and Interrogatory 58.

remain in its possession.[3] Next Health has agreed to allow a technical expert retained at UHC's expense to review servers available to Next Health to confirm the existence or lack thereof of the Computer RX database. The Court therefore **GRANTS this request to the extent agreed** and otherwise **DENIES** the request for relief.

> **Issue 3: "RPD No. 88 – Audio recordings of any conversations or communications concerning patient billing or patient payments, including recordings of calls to Next Health's customer care line/call center (ECF 702-1, App. 49)."**

Next Health has agreed to search its Relativity database for any .wav, .mp3, .mp4 files that may contain the requested calls to the customer care line or call center. The Court **GRANTS** this request as agreed and **ORDERS** that all responsive files be produced by August 12, 2022, and otherwise **DENIES** the request for relief.

> **Issue 4: "Interrogatory No. 9 – Identify the patients who had their pharmacy co-payment obligations satisfied, paid, provided, or posted by someone other than the patient or the patient's family member (ECF 702-1, App. 48-49)."**

Next Health contends that it has no way to identify these patients because to its knowledge it did not track this type of data. Next Health admits that it is possible such data existed in the Computer RX system that is no longer available. During the hearing a former Next Health employee named Ibrahim Barohli was raised as an individual who might also serve as a source of this information. UHC is

---

[3] The Court declines to take up any issue of potential spoliation during this hearing or in the context of this motion. To the extent that UHC contends that Next Health's lack of possession of the Computer RX database or other items constitutes spoliation, UHC may file a separate motion.

**ORDERED** to provide Next Health with the correct spelling of this individual's name and any relevant contact information known for him. Next Health is **ORDERED** to contact this individual and to search backup files from his computer for responsive information. The Court otherwise **DENIES** UHC's request for relief.

### Issue 5: "RPD Nos. 48-52 (the documents Next Health's 30(b)(6) witness relied upon to provide testimony);"

Prior to the hearing, Next Health produced responsive documents to this request and the Parties reached an agreement that Next Health would produce portions of audit and history trails reflecting activity Next Health's 30(b)(6) witness undertook in the Next Health Relativity database (including to the extent available searches he performed and documents he reviewed in Relativity). Next Health has requested, however, to remove saved attorney searches from those reports as privileged and work product information. The Court finds that such searches would be work product and should be removed. The Court finds while Next Health's corporate representative may not be able to locate every document he relied upon, it is his duty honestly and truthfully to attempt to do so. Next Health is required to produce only those documents its corporate representative in good faith can recall relying upon to provide testimony in this matter. Next Health indicates it has done so already. Accordingly, the Court **ORDERS** that Next Health will produce additional responsive documents, if any exist, by August 12, 2022. The Court otherwise **DENIES** this request for relief.

4

**Issue 6: "RPDs Nos. 72-76 (documents concerning the payment by others of patients' pharmacy co-payment obligations); and 7. Nos. 78-82 (documents concerning payment assistance programs and documents concerning certain individuals and entities related to some of those entities);"**

Next Health has agreed to run search terms across its Relativity database and backup files in its possession. The Court **GRANTS this request as agreed** and accordingly **ORDERS** UHC to provide a reasonable number of search terms to Next Health. The Court further **ORDERS** Next Health to run those terms across Relativity and Next Health's backup files for responsive documents and to produce all responsive documents by August 12, 2022. The Court notes that in running those terms, Next Health is not required to do more than that of which the computer systems (not the computer operator) are capable. The Court otherwise **DENIES** the request for relief.

In addition, the Court **DENIES** any request for sanctions or fees and **ORDERS** that each party shall bear its own costs and fees related to this Motion.

**SO ORDERED.**

August 4, 2022.

_____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE

This order has been agreed to in substance and form by the parties.

<u>*/s/ R. Ritch Roberts III*</u>
R. Ritch Roberts, III
Texas Bar No. 24041794
roberts@rrobertslaw.com
The Law Offices of R. Ritch Roberts PLLC
Ross Tower, Suite 2150
500 N. Akard Street
Dallas, TX 75201
214.237.0900 telephone
214.237.0901 facsimile

Alexandra Hunt
Texas Bar No. 24095711
ahunt@hagoodhunt.com
3710 Rawlins Street
Suite 1600
Dallas, TX 75219
214.720.4040 telephone
214.237.0905 facsimile

*Counsel for Entity Defendants*

<u>*/s/ Scott. P. Kerew*</u>
Sinton Scott Minock & Kerew
Scott P. Kerew
skerew@ssmklaw.com
Joseph J. Minock
jminock@ssmklaw.com
Benjamin D. Van Horn
bvanhorn@ssmklaw.com

1550 Market Street, Suite 400
Denver, CO 80202
T: (720) 738-9894

*Counsel for Plaintiffs*